**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN C. REZNER, an individual, | No. 12-16719 |
| Plaintiff - Appellant, | D.C. No. 5:06-cv-02064-JW |
| v. | |
| UNICREDIT BANK AG, FKA Bayerische Hypo-Und Vereinsbak AG, a corporation and UNICREDIT U.S. FINANCE LLC, FKA HVB Structured Finance, Inc., a Delaware limited liability company, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted October 7, 2014
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

John Rezner appeals the district court's orders dismissing his claim under

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§§ 1962 *et seq.*, and granting summary judgment to the defendants (collectively, "HVB") on his claim made pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. We have jurisdiction under 28 U.S.C. § 1291 and review both orders de novo. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). We reverse the order dismissing the RICO claim, vacate the order granting summary judgment on the UCL claim, and remand for further proceedings. Because the parties are familiar with the factual and legal history of the case, we need not recount it here.

I

In the prior appeal in this case, *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 874 (9th Cir. 2010) ("*Rezner I*"), we reversed the district court's grant of summary judgment in favor of Rezner. On remand, the district court construed our decision as an instruction to dismiss Rezner's RICO claim.

The district court should have given Rezner an opportunity to present additional evidence in support of his RICO claim rather than dismissing that claim under the rule of mandate. The rule of mandate provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall*, 697 F.3d at 1067. "[A]lthough lower courts are obliged to execute the terms of a mandate, they are

-2-

free as to 'anything not foreclosed by the mandate.'" *United States v. Kellington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (citing *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)).

Our mandate in *Rezner I* did not direct the district court to dismiss Rezner's RICO claim. Although we held that Rezner had not presented sufficient evidence to prevail on his RICO claim as a matter of law, we did not hold that he should be precluded from presenting additional evidence in support of his claim or otherwise barred from pursuing his claim in subsequent proceedings. Because HVB did not move for summary judgment on the issue of proximate causation, we never considered whether Rezner should be precluded from proceeding to trial on that issue. Accordingly, the rule of mandate did not compel the result reached by the district court. *See Hall*, 697 F.3d at 1067 (holding that where appellate court reversed an order granting summary judgment to defendants on certain issues, the rule of mandate did not require the district court to deny the defendants' subsequent motion for summary judgment on the same issues); *Kellington*, 217 F.3d at 1095 (holding that where appellate court reversed a judgment of acquittal but did not rule on a motion for new trial, the rule of mandate did not require the district court to deny the new trial motion).

However, the legal holding in *Rezner I*, that Rezner could not rely on the injury to the United States to establish proximate cause, still applies with full force. Further, our conclusion that the district court did not correctly apply the rule of mandate should not be read as endorsing the merits of Rezner's theory. We simply remand for the district court to assess in the first instance the sufficiency of his amended theory and purported new evidence.

## II

After the district court granted summary judgment to HVB on Rezner's UCL claim, the California Supreme Court issued its decision in *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169 (2013). Because the district court's decision was predicated, at least in part, on authority overruled by *Riverisland,* we vacate the entry of summary judgment on the UCL claim and remand the issue to the district court for reconsideration in light of *Riverisland*. We express no opinion on the outcome of that inquiry. We simply remand for the district court's consideration in the first instance.

**REVERSED IN PART; VACATED IN PART; REMANDED.**